UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

DIANGELO ENRIQUEZ,

                                              Plaintiff,     **STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

              - against -

CITY OF NEW YORK; FORMER CHIEF MEDICAL EXAMINER CHARLES HIRSCH; CHIEF MEDICAL EXAMINER BARBARA SAMPSON; DIANA HO, CHRISTOPHER KAMNICK, AND OFFICE OF THE CHIEF MEDICAL EXAMINER ("OCME"), DOES 1-2,

                                          Defendants.

17-CV-4293 (VSB)

------------------------------------------------------------------------

**WHEREAS**, preparation for trial in the above-captioned action may require the parties to produce certain documents that they deem to be confidential or otherwise inappropriate for public disclosure; and

**WHEREAS**, the parties object to the production of these documents unless appropriate protection for their confidentiality is assured; and

**WHEREAS**, good cause exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for plaintiff and defendants City of New York, Charles Hirsch, Barbara Sampson, Diana Ho, Christopher Kamnick and the Office of the Chief Medical Examiner (the "OCME") (together, the "Defendants"), as follows:

    1.    As used herein, "Action" shall mean the matter of *DiAngelo Enriquez v. City of New York; Former Chief Medical Examiner Charles Hirsch; Chief Medical Examiner*

*Barbara Sampson; Diana Ho, Christopher Kamnick, and Office of the Chief Medical Examiner, and Does 1-2,* 17-CV-4293 (VSB) (S.D.N.Y.).

    2.    As used herein, and without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

    a.    Employment/personnel related records of employees of the OCME and the New York City Police Department (the "NYPD") including, without limitation, performance evaluations;

    b.    Investigative or disciplinary materials or related documents, or other records prepared by, retained, or in the possession of the OCME, the NYPD, the Civilian Complaint Review Board ("CCRB"), the NYPD Internal Affairs Bureau, the New York State Office of Professional Medical Conduct, New York State Professional Misconduct Enforcement System, New York Board of Regents, or any other governmental licensing, investigative or disciplinary entity.

    c.    OCME or NYPD training materials, procedures, or policy documents that are not otherwise publicly available.

    d.    Deoxyribonucleic acid ("DNA") samples collected during any police investigation, DNA profiles generated by OCME, or other personal identifying information related thereto.

    e.    Records of DNA comparisons, research, procedures, software, protocols, techniques, assessments, validation studies, or scientific or forensic work whatsoever, conducted by, used by or maintained by the OCMA;

    f.    Personal and identifying information of all parties and non-party individuals or witnesses, including, without limitation, dates of birth, social security numbers, professional licensing numbers, employee identification and/or tax identification numbers, home addresses, telephone numbers;

    g.    Non-public communications of the City with government or private licensing, accreditation or review agencies;

    h.    All documents which were associated with the October 23, 2008 murder investigation and prosecution of the defendants and suspects which were sealed pursuant to C.P.L. § 160.50.

    i.    Plaintiff's medical records and mental health records; and

2

j.      Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court.

3.    As used herein, the term "party" or "parties" shall mean plaintiff DiAngelo Enriquez and/or defendants City of New York, Charles Hirsch, Barbara Sampson, Diana Ho, Christopher Kamnick and the OCME.

4.    As used herein, "Producing Party" shall mean the party and/or party's attorney requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that particular document or information at issue.

5.    The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) lawfully obtained by a party to the Action from a source other than an opposing party in the Action; or (b) are otherwise publicly available.

6.    The parties shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by Bates Numbers in writing directed to opposing counsel.

7.    The parties shall each have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

8.    Any documents produced by a non-party upon request or pursuant to a subpoena in this Action and that are designated as "Confidential Materials" by a party shall be governed by the terms of this Stipulation of Confidentiality and Protective Order (the "Stipulation").

9. Producing party reserves the right to designate any document as "Confidential Materials" pursuant to this Stipulation after production of such document.

10. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein during any proceeding in this Action or otherwise.

11. If a party objects to the designation of particular documents as "Confidential Materials," that party shall state such objection in writing to the designating party, and the parties shall endeavor in good faith to resolve such an objection. If such an objection cannot be resolved, then, within fifteen (15) days of receiving the response to the objection to the material's classification as confidential, the objecting party shall seek judicial intervention. Any such materials or information shall remain and be treated as confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

12. The parties shall not use "Confidential Materials" produced in this Action for any purpose other than evaluation, preparation, prosecution, defense, or settlement of claims or defenses in the Action.

13. The parties shall not disclose Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a. Disclosure may be made for the purpose of the evaluation, preparation, prosecution, defense, or settlement of a party's claims or defenses in the Action to those persons described in subparagraph (b).

b. Disclosure may also be made to a party to this Action, an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the disclosing party's attorney shall provide each such person with a copy of this Stipulation, and such person shall consent in writing, in the form annexed hereto as "Exhibit A," not to use the Confidential Materials for any purpose other than in connection with the evaluation, preparation, prosecution, defense, or settlement of a party's claims or defenses in the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The disclosing party's attorney shall retain the signed consent and furnish a copy to opposing counsel upon request at a deposition or immediately before trial, although the name of an expert that the disclosing party does not intend to call as a trial witness may be redacted from the consent before it is produced.

14. Counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by:

(a) indicating on the record during the deposition that a question relates to Confidential Materials, and may request that the reporter bind the transcript of the designated testimony in a separate volume with a cover page prominently marking it as "Confidential Information Governed by Protective Order" and also provide a single transcript with Confidential pages so-designated; or

(b) notifying the reporter and all counsel of record, in writing, within 30 days of receipt of the deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by a party's counsel.

15. Production of any confidential and/or privileged information shall not constitute a waiver of confidentiality or privilege relating to that information, or subject matter;

and upon notification, counsel shall promptly return or destroy the specified information and may not use or disclose the information until the claim is resolved.

16. This Stipulation shall constitute an Order under the provisions of Fed. R. Evid. 502(d) providing that disclosure of any document or information in this proceeding is not a waiver of a privilege in this proceeding or any other federal or state proceeding. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Matter is filed and/or the Individual Rules of the judge to whom the papers are directed.

17. Where the confidential information is not material to issues addressed in court submissions and the Producing Party agrees in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

18. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

19. The terms of this Stipulation shall be binding upon all current parties to the Action and their counsel.

20. Nothing in this Stipulation shall be construed as an agreement to produce any category or discovery materials or as a waiver of any objection to the discoverability or admissibility of any matter.

21. This Stipulation will survive the termination of the Action and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this

order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Matter has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by any party, or anyone receiving confidential documents pursuant to paragraph 10 herein, for any purpose without prior Court approval.

      22. Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to the Producing Party's attorneys or, upon the Producing Party's attorneys' consent, destroyed; except that counsel shall retain one copy of the Confidential Materials, and any Confidential Materials containing counsel's attorney work product, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect the party's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose.

      23. The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**[Remainder of Page Intentionally Left Blank]**

24. Nothing in this Stipulation shall be construed to limit the Producing Parties use of its "Confidential Materials" for any purpose.

25. This Stipulation is effective if signed in counterparts.

Dated: New York, New York
October 22, 2019

JAMES E. JOHNSON
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, Former Chief Medical Examiner Charles Hirsch; Chief Medical Examiner Barbara Sampson; Diana Ho, Christopher Kamnick, and the Office of the Chief Medical Examiner*
100 Church Street
New York, New York 10007
(212) 356-2344
ascheine@law.nyc.gov

By: *Alan H. Scheiner* /s/
Alan H. Scheiner
Senior Counsel

BELDOCK LEVINE & HOFFMAN LLP
*Attorney for Plaintiff DiAngelo Enriquez*

By: _____
David B. Rankin
99 Park Avenue PH/26th Fl.
New York, NY 10016-1601
t: 212-277-5825
e: DRankin@blhny.com

SO ORDERED:

Vernon S. Broderick 2/4/2020
United States District Judge

8

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Stipulation of Confidentiality and Protective Order entered in the United States District Court for the Southern District of New York in the action entitled *DiAngelo Enriquez v. City of New York,* 17-CV-4293 (VSB), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____   _____
Date                                                          Signature

                                                            _____
                                                            Print Name

                                                            _____
                                                            Occupation