
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/13/2020

**JAMES E. JOHNSON**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-205
NEW YORK, NY 10007

**ALAN H. SCHEINER**
Senior Counsel
Phone: (212) 356-2344
Fax: (212) 356-3509
ascheine@law.nyc.gov

April 10, 2020

**BY ECF**

Hon. Mary Kay Vyskocil
Southern District of New York
Daniel Patrick Moynihan Courthouse, Courtroom 18C
500 Pearl Street
New York, NY 10007

      Re:    <u>Diangelo Enriquez v. City of New York, et al.</u>, 17-CV-4293 (VSB)

Your Honor:

I am Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced matter.

I am writing to submit this joint application on behalf of all parties for a three-month adjournment of all deadlines and conferences in this case in light of the COVID-19 emergency, with further discovery and motion deadlines to be set at a conference at the end of the 90-day period. This is the second request for adjournment of the discovery deadlines forth in the November 9, 2018 Order. The first joint request was granted at the conference before Judge Vernon S. Broderick on December 5, 2019.

**Procedural Background.** As noted in the parties' joint status report filed March 16, 2020, the parties expected further discovery deadlines to be set at the previously scheduled February 28, 2020, status conference. (ECF No. 72, at 4) After reassignment of the case to Your Honor, on February 10, 2020, the Court rescheduled the February 28, 2020 status conference to March 19, 2020. All parties expected to address further discovery deadlines at the March 19 conference. On March 16, 2020, the Court adjourned the March 19, 2020 conference to May 6, 2020, describing the conference as a "Post-Discovery Conference." As noted above and in the parties' joint status report of March 16, the parties did not understand – based on Judge Broderick's order at the December 5, 2019 conference – that a discovery deadline had been set

or been passed. In their March 16, 2020 submission the parties also requested the scheduling of a settlement conference. (*Id.* at 6)

**The Need for the Adjournment.** Since March 16, 2020, the gravity and duration of the COVID-19 public health emergency in New York City has become more evident. Due to government social distancing directives, work dislocations and the burden of the pandemic on New York City agencies relevant to this matter, it will not be possible for the parties to conduct significant discovery or attempt to resolve open discovery disputes while the crisis continues. Nor will it be possible for the parties to engage in a meaningful settlement conference until the emergency subsides.

As all are aware, New York City, the nation, and the world are grappling with the most dangerous pandemic in over a century. New York City and its government stand in the epicenter of that crisis in the United States and at the forefront of this country's mitigation efforts. On March 20, 2020, Governor Cuomo issued an executive order mandating that all non-essential businesses in New York State close and that New York residents stay inside their homes unless participating in an essential activity until at least April 29, 2020, by extension ordered on April 7, 2020. *See* New York State Executive Order 202.14 (April 7, 2020).[1] To comply with Governor Cuomo's executive orders and other government directives – and to protect the public health – the New York City Law Department and plaintiff's counsel are operating on a near-total remote work basis until further notice.

This case primarily concerns the work of the New York City Office of the Chief Medical Examiner ("OCME"); all of the individual defendants are OCME employees. The OCME is currently fully engaged in responding to the COVID-19 public health emergency, to the extent that all staff not usually engaged in "essential functions" have been redeployed to those functions, including 2 of the 3 staff attorneys in counsel's office. The OCME is dealing with an unprecedented death toll in New York City and is facing extraordinarily challenging logistical and administrative burdens due to the impact of the epidemic. As a result, it is not possible for OCME staff to address civil discovery matters or other significant litigation activities while the emergency continues.[2]

As a result of these circumstances, it is not possible for the parties to proceed with any further discovery matters, which would necessarily involve OCME personnel, whether for document production, interrogatories or depositions. In addition, certain materials to be produced in discovery are not available on a remote basis and therefore cannot be processed for production.

---

[1] https://www.governor.ny.gov/news/no-20214-continuing-temporary-suspension-and-modification-laws-relating-disaster-emergency

[2] New York City Police Department ("NYPD") personnel are not defendants in the matter, but NYPD officers are potentially relevant witnesses and may be required to procure additional documents. The NYPD also faces steep challenges due to the pandemic, including a severely reduced work-force due to illness. It is fully devoted to patrol duties, emergency response and enforcement of social distancing directives.

To the extent possible, the parties will continue to discuss the possibility of settlement to the extent possible on a remote basis, but that process is also slowed. The parties prefer an in-person settlement conference, which is not possible, consistent with social distancing directives, until the conclusion of the emergency.

Accordingly, the parties respectfully request that the Court adjourn the currently scheduled conference on May 6, 2020, to some date convenient for the Court on or after July 6, 2020, and extend all other deadlines to be reset at such conference. The parties are hopeful that conditions will improve at some point in advance of July 6, 2020, allowing the parties and counsel to resume to more normal operating conditions. (Of course, if the nature of the emergency changes, calling for changes to this schedule, the parties will submit an appropriate application to the Court.)

We thank the Court for its consideration of this matter.

Respectfully submitted,

*Alan H. Scheiner* /s/

Alan H. Scheiner
Senior Counsel

cc: All Counsel (by ECF)

> The Parties are instructed to confer over a proposed schedule for the completion of discovery to the extent it is not already complete. The Parties should submit a Proposed Case Management, in the form specified on the Court's website, by Friday, April 24, 2020. The Court will review the Parties proposal and adjust the dates proposed as necessary. The Court will also schedule a post-discovery conference at that time. Along with the proposed case management plan, the Parties should file a joint letter explaining the status of discovery and the anticipated outstanding discovery issues.
>
> Date: <u>April 13, 2020</u>
> New York, New York
>
> *Mary Kay Vyskocil*
> Mary Kay Vyskocil
> United States District Judge